IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
      v.  : Case No. 3:10-cr-6-KRG-KAP
LEON SZEWCZYK,  :(Case No. 3:11-cv-273-KRG-KAP)
      Movant  :

## Report and Recommendation

### Recommendation

Leon Szewczyk filed a motion to vacate his conviction under 28 U.S.C.§ 2255. docket no. 59. It should be denied without a certificate of appealability.

### Report

This Court sentenced movant Leon Szewczyk on March 1, 2011, to a term of 100 months imprisonment, after a change of plea on November 2, 2010, to Count One of an indictment charging him with distributing five grams or more of crack cocaine. Szewczyk seeks to vacate his sentence on the grounds that his attorney, Sally Frick, Esquire, was ineffective for failing to argue that the Fair Sentencing Act should apply to his sentence.

The government moves to enforce the waiver of post conviction relief signed by Szewczyk, docket no. 64-2, Plea letter dated September 29, 2010.

The plea agreement signed by Szewczyk on the date of his change of plea "waives the right to file a motion to vacate sentence ... and the right to file any other collateral proceeding attacking his conviction or sentence." docket no. 64-2, Plea letter at 2. At the entry of his guilty plea on November 2, 2010,

Szewczyk testified under oath that he had received the copy of the charge against him, that he was satisfied with Attorney Frick's representation, that there was a plea agreement applicable to his case, and that he had had an opportunity to read and discuss the plea agreement. The plea agreement contained the conditions that Szewczyk waived (with exceptions not relevant here) the right to file a direct appeal, and his right to file a motion to vacate. These condition were stated aloud at the guilty plea proceeding by Assistant United States Attorney John Valkovci, and then stated aloud again by the Court. When questioned by the Court, Szewczyk acknowledged that he understood the waiver provisions. docket no. 56, Plea Colloquy Transcript at 13-14.

Waivers of post conviction relief are valid and enforceable if knowingly and voluntarily entered into, unless enforcement would work a miscarriage of justice. United States v. Mabry, 536 F.3d 231, 236-37 (3d Cir.2008), cert. denied, 129 S.Ct. 2789 (2009). The transcript of the plea colloquy presents strong *prima facie* evidence that Szewczyk's waiver was knowing and voluntary. The Supreme Court stated, in Blackledge v. Allison, 431 U.S. 63, 74 (1977), that:

[S]olemn declarations in open court carry a strong presumption of verity [and] [t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Szewczyk does not present any evidence to counter his apparent knowing and voluntary waiver of his direct appeal (in fact Szewczyk's attempt to file a direct appeal was suppressed by the Court of Appeals based on the waiver agreement, see docket no. 58). A motion to vacate under 28 U.S.C.§ 2255, because it is a guard against malfunctions in the criminal justice system and not just an alternative method of appeal, ought to be reserved for those cases in which specific and credible allegations make a waiver invalid or inequitable. Szewczyk does not present any allegations that would allow the inference that his waiver was not knowing and voluntary. The Court's acceptance of the plea agreement and sentencing pursuant to that agreement constitute a finding that the waiver provision did not, as of the time of sentence, work a miscarriage of justice. The motion to enforce the waiver of post conviction relief, docket no. 64, should be granted and the motion to vacate, docket no. 59, should be denied without a certificate of appealability.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: September 21, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Leon Szewczyk, Reg. No. 31502-068
    F.C.I. Yazoo City, Low
    P.O. Box 5000
    Yazoo City, MS 39194